Heather R. Boshak (HRB/9736)
FOX ROTHSCHILD LLP
Formed in the Commonwealth of Pennsylvania
Attorneys for Respondent Courtesy Food, Inc.
d/b/a Met Food
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900
Fax: (212) 692-0940
E-mail: *hboshak@foxrothschild.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW Local 342 HEALTH CARE FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY, EDUCATION, CULTURAL AND LEGAL FUNDS, <br><br> Petitioners, <br><br> -vs- <br><br> COURTESY FOOD, INC. d/b/a MET FOOD a/k/a COURTESY FOOD CORP., <br><br> Respondent, | CASE NO. 07-cv-7800 (WHP) <br><br> **ANSWER OF RESPONDENT COURTESY FOOD, INC. d/b/a MET FOOD** <br><br> **Document Electronically Filed** |

---

Respondent Courtesy Food, Inc. d/b/a Met Food (incorrectly plead as Courtesy Food Inc., d/b/a Met Food a/k/a Courtesy Food Corp.; hereinafter referred to as "Respondent"), by and through its counsel Fox Rothschild LLP, states in answer to the Petition as follows:

### NATURE OF ACTION

1. Respondent denies for want of knowledge the allegations contained in paragraph 1 of the Petition.

RL1 599564v2

2. Respondent states that paragraph 2 of the Petition cannot be averred or denied at this time because it is a conclusion of law subject to the determination by this Court.

3. Respondent states that paragraph 3 of the Petition cannot be averred or denied at this time because it is a conclusion of law subject to the determination by this Court.

## AS TO PARTIES

4. Respondent denies for want of knowledge the allegations in paragraph 4 of the Petition.

5. Respondent denies for want of knowledge the allegations in paragraph 5 of the Petition.

6. Respondent avers that no response is necessary as no factual allegations are contained in paragraph 6 of the Petition.

7. Respondent admits that it is an employer within the meaning of ERISA and that its principal place of business is 2711 White Plains Road, Bronx, New York 10467 as alleged in paragraph 7 of the Petition but denies that it was ever a party to a collective bargaining agreement with Petitioners.

8. Respondent admits that it was a party to a collective bargaining agreement ("CBA") with UFCW Local 342 as alleged in paragraph 8 of the Petition but states that the CBA has expired.

9. Respondent avers that the document referred to in paragraph 9 of the Petition speaks for itself.

10. Respondent avers that the document referred to in paragraph 10 of the Petition speaks for itself.

RL1 599564v2

11. Respondent avers that the document referred to in paragraph 11 of the Petition speaks for itself.

12. Respondent avers that the document referred to in paragraph 12 of the Petition speaks for itself

13. Respondent denies the allegations contained in paragraph 13 of the Petition.

14. Respondent avers that the arbitration award referred to in paragraph 14 of the Petition speaks for itself but denies the accuracy of said award.

15. Respondent avers that the arbitration award referred to in paragraph 15 of the Petition speaks for itself but denies the accuracy of said award.

16. Respondent denies the allegations contained in paragraph 16 of the Petition.

17. Respondent avers that the arbitration award referred to in paragraph 17 of the Petition speaks for itself but denies the accuracy of said award.

18. Respondent avers that the arbitration award referred to in paragraph 18 of the Petition speaks for itself but denies the accuracy of said award.

19. Respondent denies the allegations contained in paragraph 19 of the Petition in so far as Respondent has provided to Petitioners all amounts properly due and owing.

20. Respondent denies the allegations contained in paragraph 20 of the Petition.

Respondent denies each allegation of the Petition that has not otherwise been admitted, denied or controverted for lack of knowledge or information. Without assuming the burden of proof where it otherwise lies with Petitioners, Respondent assert the following defenses:

## **DEFENSES**

### **FIRST DEFENSE**

The Petition fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Petitioners claims are barred by the doctrines of laches and estoppel.

## THIRD DEFENSE

The Petition fails to state a claim upon which an award of attorney's fees can be granted.

## FOURTH DEFENSE

Petitioners' damages, if any, are the result of the actions, inactions and/or omissions of individuals or entities over which Respondent has no control.

## FIFTH DEFENSE

The Petition is barred as Respondent has provided all sums due and owing to Petitioners.

## SIXTH DEFENSE

Respondent denies any obligation to pay the contributions that are alleged in the Petition to be unpaid, and states that to the extent that any obligation to pay such contributions exists, it has been misstated and/or miscalculated.

## SEVENTH DEFENSE

The Petition is barred by the doctrine of accord and satisfaction.

## ADDITIONAL DEFENSES RESERVED

Respondent specifically reserves the right to amend, modify and supplement these Defenses as discovery is completed in this action.

WHEREFORE, Respondent Courtesy Food, Inc. d/b/a Met Food requests judgment dismissing the Petition against it with prejudice, together with its attorneys' fees and costs of suit, and for any other relief deemed appropriate and equitable by this Court.

        Respectfully submitted,

        FOX ROTHSCHILD LLP
        Attorneys for Respondent Courtesy Food, Inc.
        d/b/a Met Food


        By:   s/Heather R. Boshak
              Heather R. Boshak (HRB/9736)

Dated: October 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Andrew John Calcagno
404 Manor Road
Staten Island, NY 10314
(Via ECF)


Dated: October 9, 2007                     _____s/Heather R. Boshak_____
                                            Heather R. Boshak (HRB/9736)